# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

CHAD A. STITES,

             Petitioner,

    v.                                        Case No. 17-CV-1318

DALE SCHMIDT,

             Respondent.

# REPORT AND RECOMMENDATION

Chad A. Stites is in the custody of the Dodge County Sheriff awaiting trial on a felony charge of fifth offense drunk driving. He has been in custody since June 2, 2016 in lieu of $50,000 cash bond. On May 26, 2017 he demanded a speedy trial under Wis. Stat. § 971.10. Because he made the demand personally, rather than through the attorney who was representing him, the court deemed the demand ineffective. (ECF No. 1-1 at 11.) In any event, a trial was then scheduled for July 19, 2017, which was well within the 90 days allotted under the statute. (ECF No. 1-1 at 11.)

On July 7, 2017, Stites's attorney requested a continuance. The court granted the motion and reset the trial for October 4, 2017. (ECF No. 1-1 at 11.) Stites discharged his attorney on September 8, 2017 and elected to proceed pro se. (ECF No. 1-1 at 11.) Stites

demanded a speedy trial and the court noted a trial was already set for October 4, 2017. (ECF No. 1-1 at 11.) However, because of court congestion it was unlikely that the matter would be heard on that date. Therefore, the court set November 7, 2017 as a backup trial date. (ECF No. 1-1 at 11-12.)

On September 27, 2017, Stites filed a petition for a writ of habeas corpus in this court. He asks that he be released from custody without bail.

In accordance with Rule 1(b) of the Rules Governing Section 2254 Cases and Civil L.R. 9(a)(2), the court applies the Rules Governing Section 2254 cases to petitions for a writ of habeas corpus under 28 U.S.C. § 2241. The court must now screen the petition in accordance with Rule 4 of the Rules Governing Section 2254 Cases, which states:

> If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner. If the petition is not dismissed, the judge must order the respondent to file an answer, motion, or other response within a fixed time, or to take other action the judge may order.

"Federal habeas corpus relief does not lie for errors of state law." *Lechner v. Frank*, 341 F.3d 635, 642 (7th Cir. 2003) (citing *Lewis v. Jeffers*, 497 U.S. 764, 780 (1990)); *Tatum v. Meisner*, No. 13-C-1348, 2014 U.S. Dist. LEXIS 134528, at *3 (E.D. Wis. Sep. 24, 2014) (discussing Wis. Stat. § 971.10); *Franklin v. Bartow*, No. 09-CV-664, 2009 U.S. Dist. LEXIS 118040, at *11 (E.D. Wis. Dec. 18, 2009) (same); *see also Roth v. Lundell*, No. 05-C-148-C, 2005 U.S. Dist. LEXIS 8195, at *12 (W.D. Wis. May 4, 2005) (noting that a violation of Wis. Stat. § 971.10 would not state a claim under 42 U.S.C. § 1983). Even if Stites could

2

show that the Dodge County Circuit Court failed to comply with Wisconsin's speedy trial statute, it would not entitle him to federal habeas corpus relief.

However, the Sixth Amendment of the U.S. Constitution separately guarantees the right to a speedy trial, and violations of this constitutional right might merit federal habeas relief. *Barker v. Wingo*, 407 U.S. 514, 530 (1972). Thus, a person in state custody may turn to a federal court under section 2241 to demand that the state provide him with the speedy trial he is constitutionally guaranteed. *Braden v. 30th Judicial Circuit Court*, 410 U.S. 484, 490-91 (1973); *Sweeney v. Bartow*, 612 F.3d 571, 573 (7th Cir. 2010). If the petitioner seeks only release from state custody, as opposed to dismissal of the charges, he does not need to exhaust his remedies in state court before turning to federal court. *Graf v. Clarke*, No. 14-C-1205, 2014 U.S. Dist. LEXIS 149218, at *3 (E.D. Wis. Oct. 20, 2014); *see also Powell v. Saddler*, No. 12 C 2928, 2012 U.S. Dist. LEXIS 126671, at *18 (N.D. Ill. Sep. 6, 2012) (noting that abstention is required if the petition seeks to enjoin state court proceedings due to a speedy trial violation, but abstention is not required "where a petitioner seeks to enforce his right to a speedy trial by having a federal court order that a trial take place"); *Hirsch v. Smitley*, 66 F. Supp. 2d 985, 987 (E.D. Wis. 1999) ("Speedy trial considerations can also be a basis for such relief, but only where the petitioner is seeking to force a trial; they are not a basis for dismissing a pending state criminal charge outright.").

Stites seeks only release from custody. Therefore, total exhaustion of his state remedies is not required. However, the court finds that interests of federalism and comity require that Stites at least first assert his constitutional claim in state court prior to turning to federal court. Based on the court's review of the state court filings that Stites has provided, Stites asserted such a constitutional right, at best, obliquely. The only such reference the court has identified is a sentence in a document titled "Motion for Speedy Trial Release Pursuant to Wis. Stat. 971.10(4)" that Stites apparently filed in the state court action on August 31, 2017. (ECF No. 1-1 at 9-10.) It states, "Attorney Mayer, without consultation with petitioner, sought a continuance, never informing petitioner, this action might abridge previously established 5th and 6th Amendment Rights, to a Speedy Trial release pursuant to Wis. Stat. 971.10' (4) provision; to be released on Zero Bail, pending Trial." (ECF No. 1-1 at 9.) His speedy trial claims in state court otherwise relate only to his rights under Wisconsin law.

Beyond significant questions of whether Stites ever presented his constitutional claim to the state court, Stites has failed to present a plausible claim that his constitutional right to a speedy trial was violated.

In various "affidavits" that Stites submitted following his petition, Stites complains about the actions of his prior attorneys, asserts that he has "no duty to bring myself to trial" but rather the state must ensure a speedy trial, and complains of various other problems occasioned by the delay in his trial. (ECF Nos. 4, 5, 6.)

4

"[T]he right to [a] speedy trial is a more vague concept than other procedural rights. It is, for example, impossible to determine with precision when the right has been denied." *Barker*, 407 U.S. at 521. "The right of a speedy trial is necessarily relative. It is consistent with delays and depends upon circumstances. It secures rights to a defendant. It does not preclude the rights of public justice." *Id.* (quoting *Beavers v. Haubert*, 198 U.S. 77, 87, 25 S. Ct. 573, 49 L.Ed. 950 (1905)).

Although a defendant does not waive his right to a speedy trial simply because he failed to assert the right, "[t]his does not mean … that the defendant has no responsibility to assert his right." *Barker*, 407 U.S. at 528. Whether a defendant's right to a speedy trial was violated requires a balancing of various factors. "The length of the delay is to some extent a triggering mechanism. Until there is some delay which is presumptively prejudicial, there is no necessity for inquiry into the other factors that go into the balance." *Id.* at 530. "Closely related to length of delay is the reason the government assigns to justify the delay." *Id.* at 531. Third, the court considers "[w]hether and how the defendant asserts his right" to a speedy trial. *Id.* "A fourth factor is prejudice to the defendant." *Id.* at 532. "The time spent in jail awaiting trial has a detrimental impact on the individual. It often means loss of a job; it disrupts family life; and it enforces idleness." *Id.*

The court has reviewed the publicly available records of the state court proceedings to which Stites refers in his petition. *See Wisconsin v. Stites*, Dodge Cnty.

Cir. Ct. No. 2016CF179, available at https://wcca.wicourts.gov. The delays appear to have started with a July 26, 2016 stipulation to extend the deadline for filing pretrial motions. The court subsequently extended the deadline to September 15, 2016. On that date Stites filed a motion to suppress and a motion to dismiss. It appears that a hearing on those motions was set for October 14, 2016 but was pushed back, eventually to December 20, 2016.

Following the December 20, 2016 hearing the court denied the motion to dismiss and set a scheduling conference for January 12, 2017. Over the next few months there was a succession of new defense attorneys and motions for reduction of bond. In April the matter was set for a June 27, 2017 jury trial. That trial date apparently fell as the revolving door of defense attorneys started spinning again, a couple of motions for continuances were filed, and an order for a competency evaluation was issued, with which Stites refused to cooperate (ECF No. 1-1 at 7-8). All told, six attorneys appeared on Stites's behalf before he chose to represent himself.

Based on a review of these records and all the documents Stites filed with this court, the court concludes "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court."

Stites's complaints are primarily with his attorneys. (ECF No. 6-1 at 6-7.) He complains that one attorney had minimal contact with him and then withdrew from his case. (ECF Nos. 5, 6.) Stites wanted to get to trial quickly, going so far as to bypass his

attorney and demand a speedy trial when his attorney did not heed his demands. (ECF No. 1-1 at 3.) But the court, as is routine when a person is represented by counsel, concluded that the pro se submission was improper.

Stites asserts, "A vast majority of my continuances in my case were caused outside my control; or by the State without my permission." (ECF No. 6, ¶ 17.) With respect to the circumstances beyond his control, Stites appears to be referring to the actions of his attorneys. Stites offers no support for his assertion of continuances resulting from actions by the state.

Although Stites may strongly disagree with them, he is nonetheless bound by his attorneys' decisions on matters such as requesting a continuance. Such delays are not attributable to the state. Should any decision of counsel have denied Stites his right to the effective assistance of counsel, that is a matter that may be presented in a claim for federal habeas relief only if Stites is convicted in state court and exhausts all state court remedies first. Nor are delays resulting from Stites's succession of lawyers attributable to the state. In sum, although the delay has been long, especially for an offense that appears relatively routine, Stites has not offered anything to indicate that the delay was attributable to the prosecution or the court.

Finally, the court notes that this matter is currently scheduled for trial on November 7, 2017. Even if the court were to order the respondent to answer Stites's petition, the deadline for doing so would not be until after that trial date. Provided the

state court holds to this date, Stites's petition would become moot before the court had a chance to resolve it.

**IT IS THEREFORE RECOMMENDED** that Stites's petition for a writ of habeas corpus be dismissed pursuant to Rule 4 of the Rules Governing Section 2254 Cases.

**THE COURT FURTHER RECOMMENDS** that Stites not be issued a certificate of appealability.

Your attention is directed to 28 U.S.C. § 636(b)(1)(B) and (C) and Fed. R. Civ. P. 72(b)(2) whereby written objections to any recommendation herein or part thereof may be filed within fourteen days of service of this recommendation. Objections are to be filed in accordance with the Eastern District of Wisconsin's electronic case filing procedures. Failure to file a timely objection with the district court shall result in a waiver of your right to appeal.

Dated at Milwaukee, Wisconsin this 13th day of October, 2017.

WILLIAM E. DUFFIN
U.S. Magistrate Judge